**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2862-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAQUAN B. PERRY,

     Defendant-Appellant.

_____

Submitted November 17, 2025 – Decided December 17, 2025

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division. Camden County, Indictment No. 17-04-1038.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant Daquan B. Perry appeals from a March 27, 2024 order denying

his petition for post-conviction relief ("PCR") based on ineffective assistance of counsel without an evidentiary hearing. Defendant argues the PCR court erred in denying him an evidentiary hearing on his claim, sentencing counsel provided ineffective assistance by failing to follow through on his motion to retract his guilty plea to aggravated manslaughter and argue his youthfulness as a mitigating factor at sentencing. Discerning no error by the court, we affirm.

Following his indictment on first-degree murder, N.J.S.A. 2C:11-3(a)(1); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1); second-degree unlawful possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and second-degree certain persons not to have weapons or ammunition, N.J.S.A. 2C:39-7(b)(1), defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), in the shooting death of Llyod Shambry. Consistent with the plea agreement, the State agreed to dismiss all remaining charges.

Prior to sentencing, defendant fired Edward Chrisanino ("plea counsel") and retained Tamika McKoy ("sentencing counsel") to represent him at sentencing.

Defendant next moved to withdraw his plea under State v. Slater, 198 N.J. 145 (2009), but withdrew the motion sometime after he retained sentencing counsel. Under Slater, courts must

> consider and balance four factors in evaluating motions to withdraw a guilty plea: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [Id. at 159-60.]

At sentencing, counsel argued for a reduced sentence and diversion from the twenty-year term of incarceration under the plea agreement, imploring the court to use its discretion to further reduce his sentence.[1] The court found aggravating factors (3) "[t]he risk that the defendant will commit another offense," (6) "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted," and (9) "[t]he need for deterring the defendant and others from violating the law." The court did not find any mitigating factors under N.J.S.A. 2C:44-1(b).

On May 2, 2018, the court sentenced defendant, consistent with the plea agreement, to a twenty-year term of incarceration, subject to an eighty-five

---

[1] See State v. Warren, 115 N.J. 433, 447-48 (1989).

3

percent period of parole ineligibility under the No Early Release Act ("NERA"), dismissed all remaining charges in the indictment, and imposed fees and costs.

On August 29, 2022 defendant filed a PCR petition as a self-represented litigant, asserting ineffective assistance by sentencing counsel, which was subsequently amended by a counseled brief and certification filed on November 27, 2023.[2] Defendant's amended petition asserted sentencing counsel's performance was deficient because she: only alluded to the relevant mitigating factors without referencing them specifically; and failed to follow through on the motion to retract his guilty plea, resulting in the failure to present a comprehensive sentencing argument. He further asserted he was entitled to an evidentiary hearing to further illuminate his ineffective assistance of counsel claims.

The PCR court issued an oral decision denying defendant's PCR petition. The court discussed defendant's argument sentencing counsel's performance was deficient for failing to pursue the motion to withdraw his guilty plea under Slater's four-part test, discussing each factor seriatim. The PCR court concluded

---

[2] In his pro se petition, defendant raised additional claims, including that counsel failed to obtain full discovery and provide it to him, obtain grand jury transcripts, file motions such as a motion to suppress his statement, retain a private investigator, discuss the case with him, engage in adequate plea negotiations, and object when the court double counted the aggravating factors.

4

none of the Slater factors applied, stating, "I don't feel that he meets any of the prongs of Slater in this case in this matter, although all arguments were considered."[3] The PCR court reasoned sentencing counsel's decision not to raise Slater was "prudent" and noted that defendant discussed the plea agreements favorable terms, stating "the plea was to an aggravated manslaughter, as opposed to the murder." The court explained the plea agreement appeared to be fair and defendant did not establish that sentencing counsel's performance was deficient under Strickland v. Washington, 466 U.S. 668 (1984), and thus, it need not reach the prejudice prong.

The court next addressed defendant's argument sentencing counsel's representation was deficient because she failed to argue the mitigating factors, including his youthfulness at the time he committed the crime. On this point, the court concluded counsel did not raise this issue at the time of sentencing because State v. Comer, 249 N.J. 359 (2022), was not in effect at that time of defendant's sentence. Further, the PCR court denied defendant's request for an

_____

[3] Prior to examining the Slater factors, the judge stated, "I am not saying the State is waiving its argument on any subsequent hearing concerning that this [petition] is procedurally barred, but it seems they have conceded that at least the analysis of Slater is something I can look at."

evidentiary hearing under Rule 3:22, noting it was unpersuaded defendant had made a prima facie showing of ineffective assistance of counsel.

This appeal followed in which defendant raises the following arguments:

> POINT ONE:
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING AND FOR FAILING TO FOLLOW THROUGH ON [DEFENDANT'S] MOTION TO RETRACT HIS GUILTY PLEA.
>
> POINT II:
>
> THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] PRO SE CLAIMS.

We review the PCR court's legal and factual determinations de novo because it rendered its decision without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). As directed by our Supreme Court, we "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014). We review under an abuse-of-discretion standard the PCR court's decision to proceed without an evidentiary hearing. State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687 (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey); see also State v. Gideon, 244 N.J. 538, 550-51 (2021) (describing the two required prongs under Strickland). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. State v. Preciose, 129 N.J. 451, 463 (1992). "The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694). This prima facie claim must raise more than mere bald assertions or vague, conclusory statements. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Where, as in this case, a defendant pleads guilty, that plea must be made "voluntarily, knowingly, and intelligently." State v. J.J., 397 N.J. Super. 91, 98 (App. Div. 2007) (quoting State v. Howard, 110 N.J. 113, 122 (1988)). To demonstrate "prejudice after having entered a guilty plea, a defendant must

prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).  A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Before us, defendant primarily argues that sentencing counsel provided ineffective assistance of counsel by failing "adequately" to argue that he should have received a sentence in the second-degree range and counsel was ineffective for "failing to follow through on his motion to retract his plea."  Defendant maintains he presented a prima facie case of ineffective assistance under Strickland and "his claim was dependent for its resolution on evidence outside the trial record.  Thus, resolution of the claim required an evidentiary hearing."

The State's asserts that, "[s]trictly speaking," defendant's motion was subject to the manifest injustice standard because it was made after sentencing by way of a PCR petition, "however, even if this [c]ourt were to apply the 'interest of justice' standard applicable to motions made at or before sentencing, Rule 3:9-3(e), the application and weighing of the Slater factors clearly supports

a determination the PCR court did not abuse its discretion by denying defendant's claim." Because the State argued the merits of defendant's claims, we do so likewise in the interest of justice.

First, we reject defendant's claim he established a prima facie case of ineffective assistance of sentencing counsel and conclude defendant's argument he was entitled to a hearing to support those claim rest upon a misinterpretation of the applicable law. We have long held, an evidentiary hearing is warranted only if a defendant presents a prima facie case of ineffective assistance of counsel, "material issues of disputed fact lie outside the record, resolution of the issues necessitate a hearing[,] and when 'the attorney's testimony may be required.'" L.G.-M., 462 N.J. Super. at 364-65 (first citing R. 3:22-10(b) and State v. Porter, 216 N.J. 343, 355 (2013); then quoting Preciose, 129 N.J. at 462).

We next turn to address defendant's argument he established a prima facie case of ineffective assistance based on counsel's failure to pursue withdrawal of his plea. Applying the relevant law, we agree with the PCR court that defendant raises, but does not establish, that sentencing counsel's performance was constitutionally deficient and that her representation prejudiced him in any way as required under Strickland.

A-2862-23

The PCR court found defendant's withdrawal of his plea, "does not assert that he was unaware of some defense, or provided a reason why he was unaware of the defense at the time of the shooting."  Moreover, the PCR court thoroughly examined defendant's arguments under the Slater factors and concluded that sentencing counsel's decision not to go forward with the Slater arguments was "prudent."

We have no quarrel with the PCR court's examination of the Slater factors and findings that defendant's failure to satisfy those factors warranted rejection of his argument.  We have long held that it is not ineffective assistance for counsel to fail to raise or pursue a motion that would be unsuccessful.  See State v. O'Neal, 190 N.J. 601, 619 (2007); see also State v. Worlock, 117 N.J. 596, 625 (1990).

We similarly reject defendant's argument sentencing counsel failed to "adequately" represent his interest in pursuing a lower sentence.  We conclude this argument lacks precision and amounts to mere speculation, which cannot sustain his burden of showing counsel's performance was constitutionally deficient.  Strickland, 466 U.S. at 687.  Moreover, the record before us shows sentencing counsel raised several points in support of a further reduced sentence, including arguing defendant was only 24-years old and the father to a year-old

child who resided with him. Sentencing counsel also specifically urged the court to "consider [defendant's] youthfulness as a factor with regard to his maturity or lack thereof at the time that these incidents occurred." Counsel noted defendant was employed and a student at Lincoln Tech, studying computer science and twice noted that he considered rejecting the plea and proceeding to trial, but contemplated the impact on both his family and the family of his victim.

Additionally, defendant's focus on his youthfulness at the time of the crime is also unpersuasive because he was 22-years old when he shot and killed his victim and we have repeatedly held that the youthful mitigating factor does not extend to defendants who are over the age of 18-years-old. State v. Jones, 478 N.J. Super. 532, 549 (App. Div. 2024). As the PCR court noted, our Court's decision in Comer does not apply retroactively to the date of defendant's sentence. See State v. G.E.P., 243 N.J. 362, 386 (2020) (citing State v. Burstein, 85 N.J. 394, 403(1981)).

Against this backdrop, we conclude defendant has not established that sentencing counsel's representation was constitutionally deficient, and thus, the PCR court properly denied his PCR petition for failing to satisfy the first prong of Strickland, and thus, we need not reach the prejudice prong. Fritz, 105 N.J. at 58. Having failed to establish a prima facie case of ineffective assistance,

11

defendant is not entitled to an evidentiary hearing.  <u>Preciose</u>, 129 N.J. at 462-63.

To the extent we have not addressed any of plaintiff's remaining arguments, including the claims raised in his pro se brief, we discern they are without sufficient merit to warrant discussion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2862-23